UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| SHAWN CAMPBELL, | : | CASE NO. 23-52496-wlh |
| Debtor | : | |
| CATHY L. SCARVER, as Chapter 7 Trustee, | : | ADVERSARY PROCEEDING NO. _______________ |
| Plaintiff, | : | |
| v. | : | |
| UNISON AGREEMENT CORP., and UNISON MIDGARD HOLDINGS, LLC, | : | |
| Defendants | : | |

**COMPLAINT TO (1) AVOID SECURED INTEREST, AND (2) RECOVER PROPERTY OR ITS VALUE FOR THE BENEFIT OF THE ESTATE**

COMES NOW Cathy L. Scarver, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Shawn Campbell ("Debtor"), by and through undersigned counsel, and in accordance with Fed. R. Bankr. P. 7015 (a)(1) files this *Complaint to (1) Avoid Secured Interest, and (2) Recover Property or its Value for the Benefit of the Estate* (the "Complaint"), respectfully showing as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O), and the Trustee consents to entry of final orders or judgments by this Court.

3. Venue is proper in this Court under 28 U.S.C. §1409 because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Shawn Campbell, Case No. 23-52496-wlh, pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

**Background and Parties**

4. Debtor filed his voluntary Chapter 7 petition for relief pursuant to Chapter 7 of Title 11 of the United States Code on March 15, 2023 (the "Petition Date").

5. The 341 meeting of creditors was held and concluded on May 9, 2023, at which point Cathy L. Scarver became the permanent Chapter 7 Trustee for the bankruptcy estate of the Debtor pursuant to 11 U.S.C. § 702.

6. Defendant Unison Agreement Corp. ("Unison") is a Delaware Company that is subject to the jurisdiction and venue of this Court, and may be served pursuant to Fed. R. Bankr. P. Rule 7004. Service of this Complaint may be made upon Unison via its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, and through its CEO, Thomas Sponholtz, 650 California Street, Suite 1800, San Francisco, CA 94108.

7. Defendant Unison Midgard Holdings, LLC ("Unison Midgard") is a Delaware Company that is subject to the jurisdiction and venue of this Court, and may be served pursuant to Fed. R. Bankr. P. Rule 7004. Service of this Complaint may be made upon Unison Midgard via its Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE

19808, and through its CEO, Thomas Sponholtz, 650 California Street, Suite 1800, San Francisco, CA 94108.

**Facts**

8. Debtor acquired ownership of real property with the common address of 3855 Doc Elinburg Lane, Buford, Gwinnett County, Georgia 30519 (the "Property") pursuant to a *Limited Warranty Deed* from Beverly Hamilton-Walter dated February 28, 2018, and recorded at Deed Book 55740, Page 155, Gwinnett County Records.

9. Prior to the Petition Date, Debtor entered into the *Unison Homeowner Option Agreement* (the "Option") with Unison, effective as of April 19, 2019, pursuant to which Unison advanced $40,875.00 to Debtor (the "Initial Payment") and obtained an option to purchase a 60% interest in the Property for the total price of $163,500.00 (the "Option Price"). Under the Option, the Initial Payment would be credited to the Option Price, leaving a balance due of $122,625.00. Debtor's signature on the Option is dated April 20, 2019.

10. Prior to the Petition Date, Debtor and Unison entered into a *Unison Homeowner Covenant Agreement* (the "Covenant"). The Covenant reflects that Debtor executed the Covenant on April 20, 2019. The Covenant reflects that Daniel Eisenberg executed the Covenant on behalf of Unison as its Vice President on April 23, 2019.

11. Prior to the Petition Date, Debtor and Unison entered into a *Memorandum of Unison Homeowner Agreement* (the "Memorandum") effective as of April 19, 2019. The Memorandum reflects that Daniel Eisenberg executed the Memorandum on behalf of Unison as its Vice President on April 19, 2019. Lily Kuong and Brittany Turner signed the Memorandum as unofficial attesting witnesses. Angelica Padilla, a notary public, signed and notarized an

Acknowledgement for Daniel Eisenberg's signature on April 19, 2019. The Memorandum reflects that Debtor signed the Memorandum on April 20, 2019. Eric Badger, a notary public, signed and notarized an Acknowledgement for Debtor's signature on April 20, 2019. The Memorandum was recorded on or about May 3, 2019, at Deed Book 56567, Page 805, Gwinnett County Records.

12. On or about April 20, 2019, Debtor executed a *Unison Homeowner Security Deed* (the "Security Deed"), purporting to grant Unison a secured interest in the Property to secure, among other things, the rights of Unison under the Option, the Covenant, and the Memorandum. The Security Deed was recorded on or about May 3, 2019, at Deed Book 56567, Page 813. A copy of the Security Deed is attached hereto as Exhibit "A."

13. The Security Deed contains Debtor's signature and the signatures of two attesting witnesses, neither of which signed as the official witness required under O.C.G.A. § 44-14-61.

14. The Security Deed does not evidence on its face that there was an attestation of the execution of the Security Deed by an official witness.

15. The Security Deed contains an Acknowledgement signed and notarized by Eric Badger.

16. Unison executed an *Assignment of Unison Homeowner Agreement* (the "Assignment") pursuant to which Unison assigned its rights and interest under the Option, the Covenant, the Memorandum, and the Security Deed to Unison Midgard. The Assignment reflects that Daniel Eisenberg executed the Assignment on behalf of Unison as its Vice President on April 19, 2019. Lily Kuong and Brittany Turner signed the Assignment as unofficial attesting witnesses. Angelica Padilla, a notary public, signed and notarized an Acknowledgement for

Daniel Eisenberg's signature on April 19, 2019. The Assignment was recorded on or about May 3, 2019, at Deed Book 56567, Page 829, Gwinnett County Records.

**COUNT I**
**(Avoidance of Interests in the Property)**

17. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 16 above as though fully set forth herein.

18. On the Petition Date, Unison Midgard was the record title holder of the Security Deed.

19. The security interest in the Property that Unison Midgard claims or may claim was not perfected as of the Petition Date.

20. In her position as Trustee and hypothetical bona fide purchaser of real property as of the Petition Date, Trustee has a claim in and to the Property superior to any secured claim of Unison Midgard.

21. Trustee is entitled to avoid any transfer to Unison and Unison Midgard resulting or arising from: the grant of a property interest under the Security Deed; the execution and delivery of the Security Deed; or the purported recordation of the Security Deed. Trustee will reference these transfers collectively as the "Transfers" or any one of them as a "Transfer."

22. Because the Security Deed reflects no signature by an official attesting witness, it is defective on its face, is ineligible for recording under Georgia law, and provides no notice to Trustee in her role as a hypothetical bona fide purchaser.

23. Trustee is entitled to entry of an order and judgment avoiding the Transfers.

**COUNT II**
**(Preservation of Avoided Lien for the Benefit of the Bankruptcy Estate)**

24. The Trustee re-alleges and incorporates the allegations of paragraphs 1 through 23 above as though fully set forth herein.

25. Title 11 U.S.C. § 551 provides that any transfer avoided under 11 U.S.C. § 544 is automatically preserved for the benefit of the bankruptcy estate.

26. The Transfers and each Transfer granting any secured interest in the Property to Unison and Unison Midgard and any lien arising from or on account of the Transfers or a Transfer is avoidable by Trustee under 11 U.S.C. § 544.

27. Accordingly, Trustee is entitled to avoid Unison Midgard's secured interest in and to the Property under 11 U.S.C. § 544, and that secured interest is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

**COUNT III**
**(Recovery Pursuant to 11 U.S.C. § 550)**

28. Trustee re-alleges and incorporates the allegations of paragraphs 1 through 27 above as though fully set forth herein.

29. Unison executed the Assignment of its rights under the Option, the Covenant, the Memorandum, and the Security Deed (collectively, the "Options Documents") to Unison Midgard on April 19, 2019, which was prior to the execution of the Option Documents by Debtor.

30. Accordingly, at the time of the Transfers, Unison Midgard held the rights and interests of Unison under the Option Documents.

31. Accordingly, Trustee is entitled to recover from Unison Midgard the property interest that is the subject to the Transfers, or the value of such property, pursuant to 11 U.S.C. § 550(a).

32. To the extent Unison is deemed to be a recipient of the Transfers, Trustee is entitled to recover from Unison, as initial transferee, and Unison Midgard, as immediate transferee, the property interest that is the subject to the Transfers, or the value of such property, pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, Trustee respectfully requests that this Court enter an order and judgment granting the following relief:

1. Ordering that the Security Deed is defective under Georgia law and is avoided pursuant to 11 U.S.C. § 544(a)(3);
2. Ordering that the Transfers are avoided pursuant to 11 U.S.C. § 544(a)(3);
3. Ordering that the avoided Transfers are preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551;
4. Ordering that Trustee recover from Unison Midgard, as initial transferee, the property that is the subject of the Transfers, or the value of such property;
5. Alternatively, ordering that Trustee recover from Unison, as initial transferee, and Unison Midgard, as immediate transferee, the property that is the subject of the Transfers, or the value of such property
6. Adjudicating that Trustee "stands in the shoes" of Unison Midgard with respect to its interests in the Property as a secured creditor;

7. Adjudicating that Unison Midgard (and Unison, if appropriate) is an unsecured creditor whose interest in and to the Property is inferior to the interest of the Trustee; and

8. Granting such other and further relief as this Court deems just and equitable, including casting all costs against Unison Midgard and/or Unsion.

Dated: April 8, 2024

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Counsel for the Trustee*

By: *<u>/s/ G. Frank Nason, IV</u>*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, N.W.
Suite 435
Atlanta, GA 30328
(404) 262-7373
(404) 262-9911 (facsimile)

**EXHIBIT "A"**

**DEED B: 56567 P: 00813**
**05/03/2019 02:28 PM Pgs: 16 Fees: $40.00**
**ITax: $123.00**
**Richard T. Alexander, Jr., Clerk of Superior Court**
**Gwinnett County, GA**

**Prepared by,** Ismael Casas
**recording requested by,** ~~**and when recorded mail to:**~~

Unison Agreement Corp.
P.O. Box 26800
San Francisco, CA 94126-6800
Parcel ID# R1004B048
Unison HomeOwner Agreement ID Number: FRX-157800
Funding Amount $40,875.00
Maturity Date: 04/18/2049

GA503744

**UNISON HOMEOWNER SECURITY DEED**

This **Unison HomeOwner Security Deed** (**"Unison HomeOwner Security Instrument"**), is made as of 04/19/2019 (**"Effective Date"**), among *SHAWN CAMPBELL (individually or collectively **"Mortgagor"**), and Unison Agreement Corp., a Delaware corporation, and its successors and assignees (**"Mortgagee"**), whose address is 650 California Street, Suite 1800, San Francisco, CA 94108.
*whose address is: 3855 Doc Elinburg Lane, Buford, GA 30519.

DEFINITIONS

Capitalized terms used in this Unison HomeOwner Mortgage and Security Instrument shall have the meanings specified in this Unison HomeOwner Security Instrument, or if not defined herein, in that certain Unison HomeOwner Covenant Agreement (**"Unison HomeOwner Covenant Agreement"**), Unison HomeOwner Option Agreement (**"Unison HomeOwner Option Agreement"**) and that certain Memorandum Of Unison HomeOwner Agreement (**"Unison Recorded Memorandum"**), which documents, together with this Unison HomeOwner Mortgage and Security Instrument, are collectively termed the **"Unison HomeOwner Agreement."**

**1. Grant.**

MORTGAGOR HEREBY mortgages, grants, and conveys to Mortgagee, and its successors and assignees, all of that property ("Real Property") located at 3855 Doc Elinburg Ln, Buford, GA 30519 as described in SCHEDULE A, attached hereto and made a part hereof.

Together with all improvements, replacements and additions now or hereafter erected on the Real Property and all easements, appurtenances and fixtures now or hereafter a part of the Real Property. (The fixtures, improvements and the Real Property are collectively referred to as the "Property.")

Together with all rents, issues, profits and proceeds, including without limitation insurance and condemnation proceeds, from the Real Property, subject, however, to the right, power and


© 2018 Real Estate Equity Exchange

authority given to and conferred upon Mortgagee below to collect and apply such rents, issues and profits.

MORTGAGOR COVENANTS that Mortgagor is lawfully siesed of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for Permitted Encumbrances and the Permitted Senior Lien. Mortgagee warrants and will defend generally the title to the Property against all claims and demands, subject to Permitted Encumbrances and the Permitted Senior Lien.

**2.** **<u>Secured Obligations</u>.** Mortgagor makes the grant, transfer and assignment set forth in the "Grant" Section above for the purpose of securing:

**a.** Mortgagor's performance and Mortgagee's rights, under the Unison HomeOwner Agreement;

**b.** the performance and payment of the obligations of Mortgagor under the Unison HomeOwner Agreement, including:

**(i)** payment of all **Protective Advances**, including any unpaid interest and other fees and charges associated with such Protective Advances, owed to Mortgagee under the Unison HomeOwner Covenant Agreement;

**(ii)** payment of all insurance proceeds owed to Mortgagee pursuant to the Unison HomeOwner Covenant Agreement;

**(iii)** payment of all condemnation proceeds owed to Mortgagee pursuant to the Unison HomeOwner Covenant Agreement;

**(iv)** performance of those obligations to Mortgagee specified in the Unison HomeOwner Covenant Agreement, including, without limitation, payment of the Investor Interest under the Unison HomeOwner Agreement; and

**(v)** performance of the obligations of Mortgagor regarding Mortgagee's right to sell the Property following exercise of the **Option** and during **Orderly Sale.**

**c.** damages (subject to liquidation as provided below) arising to, or incurred by, Mortgagee from Mortgagor's failure to act or interference with Mortgagee's rights under the Unison HomeOwner Agreement. Mortgagor and Mortgagee agree and acknowledge that the damages that would arise from Mortgagor's failure to act or interference are uncertain, depend on many factors, and would be extremely difficult to ascertain. Therefore, in a good faith effort to determine a method for reasonably estimating and liquidating the damages which would be incurred by Mortgagee arising from Mortgagor's interference or failure to act, Mortgagor and Mortgagee agree to the **Liquidated Damages** specified in **Section 8** below;


© 2018 Real Estate Equity Exchange

**d.** the performance of the obligations of Mortgagor contained in this Unison HomeOwner Security Instrument or incorporated by reference;

**e.** any expenditures made by Mortgagee pursuant to, or under, this Unison HomeOwner Security Instrument;

**f.** payment of all fees and expenses (including, as allowed by applicable law, court and other dispute resolution costs, attorneys' and experts' fees and costs, and fees and disbursements of in-house counsel (collectively "**Attorneys' Fees**")) incurred by Mortgagee in the enforcement and collection of the obligations listed above and the protection of Mortgagee's rights related thereto, whether such fees are incurred in any state, federal, appellate, or bankruptcy court or otherwise and whether or not litigation or arbitration is commenced. Attorneys' Fees shall include, without limitation, Attorneys' Fees incurred in any state, federal, appellate, or bankruptcy court, and in any bankruptcy case or insolvency proceeding, of any kind in any way related to this Unison HomeOwner Security Instrument, to the interpretation or enforcement of the parties' rights under this Unison HomeOwner Security Instrument, or to the Property;

The foregoing obligations are collectively referred to herein as the "**Obligations**."

**g.** Mortgagor shall not be obligated to repay any part of the **Initial Payment** (as defined in the Unison HomeOwner Agreement); and therefore, such items shall not be included within the Obligations. The foregoing shall not, however, in any way limit any payments calculated and agreed by Mortgagee to be paid pursuant to the Unison HomeOwner Agreement, according to the calculation of **Investor Interest** (as defined in the Unison HomeOwner Agreement), including, without limitation, any such calculation in connection with a **Special Termination** as defined in the Unison HomeOwner Covenant Agreement.

**3. Uniform Commercial Code Security Agreement and Fixture Filing**. This Unison HomeOwner Security Instrument is intended to be and shall constitute a security agreement under the Georgia Uniform Commercial Code for any items of personal property that constitute fixtures or are specified as part of the Property and that under applicable law may be subject to a security interest under the Georgia Uniform Commercial Code. Mortgagor hereby grants to Mortgagee a security interest in those items to secure the performance and payment of the Obligations.

**a.** Mortgagor agrees that Mortgagee may file either this Unison HomeOwner Security Instrument, or a copy of it, or a UCC-1 Financing Statement in the real estate records or other appropriate index and/or in the Office of the Secretary of the State of Georgia, as a financing statement for any of the items specified above as part of the Property.

**b.** Mortgagee may file such extensions, renewals, amendments and releases as are appropriate to reflect the status of its security interest.


© 2018 Real Estate Equity Exchange

c. Mortgagor shall pay all costs of filing such financing statements and any extensions, renewals, amendments, and releases of such statements, and shall pay all reasonable costs and expenses of any record searches for financing statements that Mortgagee may reasonably require.

d. On any default hereunder, Mortgagee shall have the remedies of a secured party under the Georgia Uniform Commercial Code and may also invoke the remedies in **Section 7** below. In exercising any of these remedies, Mortgagee may proceed against the items of Real Property, fixtures or improvements separately or together and in any order whatsoever without in any way affecting the availability of Mortgagee's remedies under the Georgia Uniform Commercial Code or the remedies in **Section 7** below.

4. **Absolute Assignment Of Leases And Rents.** Mortgagor hereby irrevocably, absolutely and unconditionally assigns to Mortgagee all of Mortgagor's right, title and interest in and to all existing and future leases, subleases and licenses relating to the use, occupancy or enjoyment of all or any part of the Property and all rents, income, revenues, profits, proceeds and earnings now or hereafter payable with respect to the ownership, use or occupancy of the Property (collectively the "**Rents**"):

a. Mortgagor hereby gives to, and confers upon, Mortgagee the right, power and authority, during the continuance of this Unison HomeOwner Security Instrument, to collect the Rents, reserving unto Mortgagor the right, prior to any default by Mortgagor in payment of the Obligations secured hereby or in performance of any agreement hereunder, to collect and retain such Rents, as they become due and payable.

b. Upon any such default, Mortgagee may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the Obligations secured hereby, enter upon and take possession of the Property or any part of it, in its own name sue for or otherwise collect such Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including Attorneys' Fees to the Obligations secured hereby, and in such order as Mortgagee may determine.

c. The entering upon and taking possession of the Property, the collection of such rents, issues and profits and the application of such rents, issues and profits pursuant to this Unison HomeOwner Security Instrument, shall not cure or waive any default or notice of default under this Unison HomeOwner Security Instrument or invalidate any act done pursuant to such notice.

a. Nothing in this section shall permit Mortgagor to lease or rent the Property in contravention of any provision of the Unison HomeOwner Agreement; nor shall anything in this section modify any provision in the Unison HomeOwner Agreement relating to the use, lease or occupancy of the Property.

5. **Covenants of Mortgagor Regarding the Property**. Mortgagor hereby agrees as follows:


© 2018 Real Estate Equity Exchange

**a.** To appear in and defend any action or proceeding purporting to affect the security of this Unison HomeOwner Security Instrument or the rights or powers of Mortgagee; and to pay all costs and expenses of Mortgagee (including cost of evidence of title and Attorneys' Fees) incurred: **(i)** in any state, federal, appellate, or bankruptcy court, in any action or proceeding in which Mortgagee may appear, and in any suit brought by Mortgagee to foreclose this Unison HomeOwner Security Instrument or to collect the Obligations or to protect Mortgagee's rights under this Unison HomeOwner Security Instrument; and/or **(ii)** in connection with the enforcement of any provisions of this Unison HomeOwner Security Instrument or in connection with foreclosure upon the collateral granted under this Unison HomeOwner Security Instrument (whether or not suit is filed).

**b.** To pay at least ten (10) days before delinquency, all taxes and assessments affecting the Property; and all encumbrances, charges and liens, with interest, on the Property (or any part of the Property), which are prior or could obtain priority to the lien or to the rights granted under this Unison HomeOwner Security Instrument, and all costs, fees and expenses of this Unison HomeOwner Security Instrument.

**(i)** If Mortgagor fails to make any payment or to do any act as provided in this Unison HomeOwner Security Instrument, Mortgagee may (but shall not be obligated to) make the payment or do the act in the required manner and to the extent deemed necessary by Mortgagee to protect the security for this Unison HomeOwner Security Instrument, which payments and related expenses (including Attorneys' Fees) shall also be secured by this Unison HomeOwner Security Instrument.

**(ii)** Such performance by Mortgagee shall not require notice to, or demand on, Mortgagor and shall not release Mortgagor from any obligation under this Unison HomeOwner Security Instrument.

**(iii)** Mortgagee shall have the following related rights and powers: **(A)** to enter upon the Property for the foregoing purposes, **(B)** to appear in and defend any action or proceeding purporting to affect the Property or the rights or powers of Mortgagee under this Unison HomeOwner Security Instrument, **(C)** to pay, purchase, contest or compromise any encumbrance, charge, or lien that in the judgment of Mortgagee appears to be prior or superior to this Unison HomeOwner Security Instrument, and **(D)** to employ counsel, and to pay such counsel necessary expenses and costs, including Attorneys' Fees.

**c.** To pay immediately upon demand all sums expended by Mortgagee pursuant to this Unison HomeOwner Security Instrument; and to pay interest on any of the foregoing amounts demanded by Mortgagee at a rate not to exceed the maximum rate allowed under Georgia Code § 7-4-2 at the time of such demand.

**6.** **Power of Attorney**. Mortgagor hereby irrevocably appoints Mortgagee as Mortgagor's attorney-in-fact (such agency being coupled with an interest), and as such attorney-in-fact Mortgagee may, after providing notice to Mortgagor pursuant to the Unison HomeOwner Agreement, without the obligation to do so, in Mortgagee's name, or in the name of Mortgagor, prepare, execute and file or record financing statements, continuation


© 2018 Real Estate Equity Exchange

statements, applications for registration and like documents necessary to create, perfect or preserve any of Mortgagee's security interests and rights in or to any of the Property, and, upon a default under this Unison HomeOwner Security Instrument, take any other action required of Mortgagor; provided, however, that Mortgagee as such attorney-in-fact shall be accountable only for such funds as are actually received by Mortgagee.

7. **Default and Foreclosure**. Upon default by Mortgagor in the performance of or upon breach by Mortgagor of any of the rights and obligations that are secured by this Security Instrument as specified above, Mortgagee may declare all performance and obligations secured by this Unison HomeOwner Security Instrument immediately due by delivery to Mortgagor of a written declaration of default. If any default shall have occurred and is continuing on the part of the Mortgagor, the Mortgagee may take any or all of the following actions, at the same or at different times:

a. **Possession**. Mortgagee may enter upon and take possession of the Property; lease and let the Property; and receive all the rents, income, issues and profits thereof which are overdue, due or to become due; and apply the same, after payment of all necessary charges and expenses, on account of the Obligations hereby secured. Mortgagee is given and granted full power and authority to do any act or thing which the Mortgagor or successors or assignees of the Mortgagor who may then own the Property might or could do in connection with the ownership, use and maintenance of the Property. This covenant becomes effective only with action brought to foreclose this Unison HomeOwner Security Instrument.

b. **Appointment of Receiver.** Mortgagee may have a receiver of the rents, income, issues and profits of the Property appointed without the necessity of proving either the depreciation or the inadequacy of the value of the security or the insolvency of the Mortgagor or any other person who may be legally or equitably liable for the Obligations secured hereby, and the Mortgagor and each such person waive such proof and consent to the appointment of a receiver.

c. **Fair Rental Payments.** If Mortgagor or any subsequent owner is occupying the Property or any part thereof, it is hereby agreed that the said occupants shall pay such reasonable rental monthly in advance as Mortgagee shall demand for the Property or the part so occupied, and for the use of personal property covered by this Unison HomeOwner Security Instrument or any chattel mortgage.

d. **Acceleration; Remedies. Mortgagee shall give notice to Mortgagor following Mortgagor's breach of any covenant or agreement in this Unison HomeOwner Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Mortgagor, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the Obligations secured by this Unison HomeOwner Security Instrument, foreclosure by judicial proceeding and sale of the Property; and (e) the Mortgagor's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a**


© 2018 Real Estate Equity Exchange

**default or any other defense of Mortgagor to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Mortgagee at its option may require immediate peformance in full of all Obligations secured by this Unison HomeOwner Security Instrument without further demand and may foreclose this Unison HomeOwner Security Instrument by judicial proceeding. The notice shall further inform Mortgagor of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Mortgagor to acceleration and sale. If the default is not cured on or before the date specified in the notice, Mortgagee at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Mortgagor and any other remedies permitted by Applicable Law. Mortgagor appoints Mortgagee the agent and attorney-in-fact for Mortgagor to exercise the power of sale. Mortgagee shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Mortgagee invokes the power of sale, Mortgagee shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Mortgagee, without further demand on Mortgagor, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Mortgagee determines. Mortgagee or its designee may purchase the Property at any sale.**

**Mortgagee shall convey to the purchaser indefeasible title to the Property, and Mortgagor hereby appoints Mortgagee Mortgagor's agent and attorney-in-fact to make such conveyance. The recitals in the Mortgagee's deed shall be prima facie evidence of the truth of the statements made therein. Mortgagor covenants and agrees that Mortgagee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by Applicable Law.**

**If the Property is sold pursuant to this Section 22, Mortgagor, or any person holding possession of the Property through Mortgagor, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Mortgagor or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.**

**e. Remedies at Law or Equity.** Mortgagee may take any of the remedies otherwise available to it as a matter of law or equity.

**8. Liquidated Damages.** Liquidated Damages means an amount equal to the Unison Down Payment of $40,875.00.

**9. Late Performance.** By accepting performance of any Obligation after its due date, Mortgagee does not waive its right either to require prompt performance when due of all other Obligations or to declare default for such failure to perform.


© 2018 Real Estate Equity Exchange

10. **Mortgagee's Powers**. At any time or from time to time, without liability therefor and without notice, upon written request of Mortgagor and presentation of this Unison HomeOwner Security Instrument, and without affecting the personal liability of any person for the performance of the Unison HomeOwner Agreement secured hereby, Mortgagee may: **(a)** release any part of the Property; **(b)** consent to the making of any map or plat of the Property; **(c)** join in granting any easement thereon; and **(d)** join in any extension agreement or any agreement subordinating the lien or charge of this Unison HomeOwner Security Instrument.

11. **Defeasance.** If Mortgagor shall well and truly satisfy all Obligations secured hereby at the time and in the manner provided in this Unison HomeOwner Security Instrument and in the Unison HomeOwner Agreement, and Mortgagor shall well and truly abide by and comply with each and every covenant and condition set forth in this Unison HomeOwner Security Instrument and in the Unison HomeOwner Agreement, then these presents and the lien and interest hereby transferred and assigned shall cease, terminate and be void. Mortgagee shall release the Property and renounce any other rights granted to it herein and shall execute, at the request of the Mortgagor, a release of this Unison HomeOwner Security Instrument and any other instrument to that effect deemed necessary or desirable, upon performance being made on the Obligations secured hereby. Mortgagor shall pay any recordation costs. Mortgagee may charge Mortgagor a fee for releasing this Unison HomeOwner Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

12. **Subordination**. This Unison HomeOwner Security Instrument is subordinate to and junior to that certain Unison Recorded Memorandum which affects the Property and is executed by Mortgagor as "**Owner**" as of the same date as this Unison HomeOwner Security Instrument. Upon any foreclosure of this Unison HomeOwner Security Instrument by Mortgagee, despite such foreclosure, the Unison HomeOwner Memorandum will remain in full force and effect (until released pursuant to its terms) and binding upon any person who now or hereafter obtains an interest in the Property; and the Unison HomeOwner Agreement will remain in full force and effect and binding upon Mortgagor, and any other person who may agree to be bound by such documents.

13. **Successors.** This Unison HomeOwner Security Instrument applies to, inures to the benefit of, and binds all parties to this Unison HomeOwner Security Instrument, their heirs, legatees, devisees, administrators, executors, successors, and assignees. The term "**Mortgagee**" shall include any successor or assignee of Mortgagee's rights in the Unison HomeOwner Agreement and in this Unison HomeOwner Security Instrument, whether or not named as Mortgagee in this Unison HomeOwner Security Instrument. In this Unison HomeOwner Security Instrument, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

14. **Joint and Several Liability.** If more than one person signs this Unison HomeOwner Security Instrument as Mortgagor, the obligations of each signatory shall be joint and several.

15. **Multiple Owners**. If there are multiple Mortgagors of the Property:


© 2018 Real Estate Equity Exchange

**a.** this Unison HomeOwner Security Instrument must be signed by each such Mortgagor;

**b.** all rights and powers specified for Mortgagor in this Unison HomeOwner Security Instrument must be approved and exercised unanimously by all such multiple Mortgagors;

**c.** all such multiple Mortgagors shall be jointly and severally liable for all liabilities and obligations specified for Mortgagor under this Unison HomeOwner Security Instrument;

**d.** notice required to be given by, or to, Mortgagor will be deemed adequately given if given by, or to, any of Mortgagors using the contact information set forth in this Unison HomeOwner Security Instrument; and

**e.** Mortgagee may treat any notice received from any one Mortgagor as notice from all Mortgagors.

**16.** **Revocable Trust.** If all or any portion of the Property is held in a **Revocable Trust** (as defined in the Unison HomeOwner Agreement):

**a.** all trustees of the Revocable Trust must sign this Unison HomeOwner Security Instrument as Mortgagor in their capacities as trustees of the Revocable Trust, and each trustee of the Revocable Trust who signs this Unison HomeOwner Security Instrument hereby represents and warrants that all trustees of the Revocable Trust have been disclosed to Mortgagee;

**b.** all rights and powers specified for, and all actions required of, Mortgagor in this Unison HomeOwner Security Instrument must be approved and exercised unanimously by all trustees of the Revocable Trust;

c. all trustees of the Revocable Trust, in their capacities as trustees, shall be jointly and severally liable with any non-trustee Mortgagor for all liabilities and obligations specified for Mortgagor under this Unison HomeOwner Security Instrument;

**d.** all representations and warranties by Mortgagor in this Unison HomeOwner Security Instrument are made by all trustees of the Revocable Trust on behalf of the Revocable Trust;

**e.** notice required to be given by, or to, any Mortgagor will be deemed adequately given if given by, or to, any of the trustees of the Revocable Trust using the contact information set forth in this Unison HomeOwner Security Instrument; and

**f.** Mortgagee may treat any notice received from any one trustee of the Revocable Trust as notice from all trustees of the Revocable Trust and from Mortgagor.

**17.** **Incorporation by Reference. Schedule A** to this Unison HomeOwner Security Instrument is hereby incorporated by this reference.


© 2018 Real Estate Equity Exchange

**18. Extent of Lien.** The lien granted under this Unison HomeOwner Security Instrument shall encumber Mortgagor's entire interest in the Property, notwithstanding the fact that the Unison HomeOwner Agreement relates to only a fractional interest in the Property.

**19. No Merger**. So long as any of the obligations under the Unison HomeOwner Agreement remains outstanding and undischarged, unless Mortgagee otherwise consents in writing, the fee estate of Mortgagor in the Property or any part thereof (including the estate of Mortgagee after exercising the Unison HomeOwner Option) will not merge, by operation of law or otherwise, with any other estate in the Property or any part of it, but will always remain separate and distinct, notwithstanding the union of the fee estate and such other estate in Mortgagee or in any other Person.

**20. No Claim of Credit for Taxes**. Mortgagor will not make deduction from or claim credit on the principal or interest secured by this Unison HomeOwner Security Instrument by reason of any governmental taxes, assessments or charges. Mortgagor will not claim any deduction from the taxable value of the Property by reason of this Unison HomeOwner Security Instrument.

**21. Release.** Upon payment of all sums secured by this Security Instrument, Mortgagee shall cancel this Security Instrument. Mortgagor shall pay any recordation costs. Mortgagee may charge Mortgagor a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**22. Waiver of Homestead.** Mortgagor waives all rights of homestead exemption in the Property.

**23. Assumption Not a Novation.** Mortgagee's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Mortgagor in connection therewith, shall not constitute a novation.

**24. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

[Signature(s) appear on the following page.]


© 2018 Real Estate Equity Exchange

READ THIS DOCUMENT CAREFULLY BEFORE SIGNING IT. ALL PRIOR ORAL, ELECTRONIC AND WRITTEN COMMUNICATIONS AND AGREEMENTS FROM OR WITH MORTGAGEE, INCLUDING ALL CORRESPONDENCE, CONDITIONAL APPROVAL PACKAGES, TERM SHEETS, PRINTED MATERIALS, DISCLOSURES, AND THE PROGRAM GUIDE, ARE MERGED INTO AND SUPERSEDED AND REPLACED BY THIS UNISON HOMEOWNER SECURITY INSTRUMENT, THE OTHER TRANSACTION DOCUMENTS, AND THE OTHER WRITTEN AGREEMENTS MADE BY AND BETWEEN OWNER AND MORTGAGEE AS OF THE EFFECTIVE DATE.

**MORTGAGOR HEREBY DECLARES THAT MORTGAGOR HAS READ THIS UNISON HOMEOWNER SECURITY INSTRUMENT, HAS RECEIVED A COMPLETELY FILLED IN COPY OF IT WITHOUT CHARGE THEREFOR AND HAS SIGNED THIS UNISON HOMEOWNER SECURITY INSTRUMENT AS OF THE EFFECTIVE DATE.**

IN WITNESS WHEREOF, each undersigned Mortgagor has executed this Unison HomeOwner Security Instrument under seal as of the date set forth above.

Signed, sealed and delivered in the Presence of:

| | |
|---|---|
| | MORTGAGOR: |
| By: [signature] , Witness<br>Dionne Parker | By: [signature]<br>Shawn Campbell<br>Date signed: 4-20-19 |
| By: [signature] , Witness<br>Eric Backer | By: ______<br>Date signed: ______ |
| By: ______ , Witness | By: ______<br>Date signed: ______ |
| By: ______ , Witness | By: ______<br>Date signed: ______ |



© 2018 Real Estate Equity Exchange

# ACKNOWLEDGMENT

STATE OF GEORGIA )
) ss.
COUNTY OF Gwinnett)

On the 20th day of April in the year 2019, before me, the undersigned, personally appeared Shawn Campbell, personally know to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individuals(s) acted, executed the instrument.

In Witness Whereof, I hereunder set my hand and official seal.

My Commission Expires: 12/15/22

Signature: [signature]

(seal)

ERIC BADGER
MY COMMISSION EXPIRES
NOTARY PUBLIC
DECEMBER 15, 2022
DEKALB COUNTY, GEORGIA

© 2018 Real Estate Equity Exchange

## SCHEDULE A

### LEGAL DESCRIPTION

That certain real property situated in the City of Buford, County of Gwinnett, State of Georgia, described as follows:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN PUCKETT'S GMD 1397, GWINNETT COUNTY, GEORGIA, BEING LOT 48, ELINBURG SUBDIVISION, PHASE I, AS PER PLAT RECORDED IN PLAT BOOK 65, PAGE 56, GWINNETT COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART OF THIS DESCRIPTION

Parcel Identification Number: R1004B048

[end of legal description]

Street Address: 3855 Doc Elinburg Ln, Buford, GA 30519

Record and Return To:
Vantage Point Title, Inc.
25400 US 19 North, Suite 135
Clearwater, FL 33763

Unison HomeOwner Agreement ID Number: FRX-157800

## PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 04/19/2019 ("**Effective Date**") and is incorporated into and shall be deemed to amend and supplement the Unison HomeOwner Security Instrument (the "**Security Instrument**") of the same date, given by the undersigned Owner (the "**Owner**") to secure Owner's obligations under that certain Unison HomeOwner Agreement made by and between Owner and Unison Agreement Corp., its successors and assigns ("**Investor**") of the same date and covering the Property described in the Security Instrument and located at:

3855 Doc Elinburg Ln, Buford, GA 30519
[Property Address]

The property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in ______________________________________________ (the "**Declaration**"). The Property is a part of a planned unit development known as

Elinburg
[Name of Planned Unit Development]

(the "**PUD**"). The Property also includes Owner's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "**Owners Association**") and the uses, benefits and proceeds of Owner's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Owner and Investor further covenant and agree as follows:

A. **PUD Obligations.** Owner shall perform all of Owner's obligations under the PUD's **Constituent Documents**. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Owner shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. **Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Investor and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Investor requires insurance, then: Owner's obligation under the Unison HomeOwner Agreement to maintain property insurance coverage on the Property is deemed satisfied to the extent that the


© 2017, Unison

required coverage is provided by the Owners Association policy.

What Investor requires as a condition of this waiver can change during the term of the Unison HomeOwner Agreement.

Owner shall give Investor prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Owner are hereby assigned and shall be paid to Investor. Investor shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Owner.

C. **Public Liability Insurance.** Owner shall take such actions as may be reasonable to ensure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Investor.

D. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Owner in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Investor. Such proceeds shall be applied by Investor as provided in the Unison HomeOwner Agreement (Unison HomeOwner Covenant Agreement Section 8.17).

E. **Investor's Prior Consent.** Owner shall not, except after notice to Investor and with Investor's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is not for the express benefit of Investor; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Investor.

F. **Remedies.** If Owner does not pay PUD dues and assessments when due, then Investor may pay them. Any amounts disbursed by Investor under this paragraph F shall become Protective Advances made by Investor on behalf of Owner as defined under and subject to the terms of the Unison HomeOwner Agreement and shall be secured by the Security Instrument.

BY SIGNING BELOW, Owner accepts and agrees to the terms and covenants contained in this PUD Rider.

**OWNER(S):**

Owner's Initials: SOC/____/____/____

By: ______________________
Shawn Campbell

4-20-19
______________________
Date Signed

By: ______________________

______________________
Date Signed

By: ______________________

______________________
Date Signed

By: ______________________

______________________
Date Signed